IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **JIMMY HEBERT,** | § | NO. _____ |
| | § | |
| **Plaintiff** | § | **JURY DEMANDED** |
| | § | |
| v. | § | |
| | § | |
| **MARATHON OIL COMPANY;** | § | |
| **AND CUDD PRESSURE** | § | |
| **CONTROL, INC., D/B/A ENERGY** | § | |
| **PERSONNEL INTERNATIONAL** | § | |
| | § | |
| **Defendants** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Jimmy Hebert, respectfully asserts as follows:

## I.  INTRODUCTION

1. In 2018, Plaintiff, Jimmy Hebert, was employed by Defendants, Marathon Oil Company ("MOC") and Cudd Pressure Control, Inc., d/b/a Energy Personnel International ("EPI") (MOC and EPI are collectively referred to as "Marathon"), working as a "Completions Consultant" on MOC's fracking operations in New Mexico's Permian Basin. While Mr. Hebert was employed by Marathon, he worked in excess of 80 hours per week. Unfortunately, in violation of the Fair Labor Standards Act ("FLSA"), Marathon paid Mr. Hebert only straight-time

wages for all of his overtime hours (i.e. hours in excess of 40 hours per week). Accordingly, Mr. Hebert brings this lawsuit against Marathon under the FLSA to recover the unpaid overtime compensation and other remedies to which he is entitled.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331(a).

3. Venue is proper in the Southern District of Texas under 28 U.S.C. 1391(b) because both MOC and EPI reside in this district.

## PARTIES

4. Plaintiff, Jimmy Hebert ("Hebert"), is an adult individual who resides in Prairieville, Louisiana.

5. Defendant, Marathon Oil Company ("MOC"), resides in this district and in this division. MOC may be served with process through CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Defendant, Cudd Pressure Control, Inc., d/b/a Energy Personnel International ("EPI"), resides in this district. EPI may be served with process through Prentice Hall Corp., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2

## FACTS

7. MOC is a Fortune 500 oil exploration and production company that, in 2018, employed approximately 2,400 employees and netted profits of approximately $1.1 billion.

8. MOC engages in extensive oil exploration and production operations in the Permian Basin in New Mexico.

9. MOC utilizes nominal "independent contractors"—supplied by third party subcontractors—to perform its oil exploration and production operations in the Permian Basin.

10. EPI is one such MOC subcontractor.

11. On about March 7, 2018, EPI—at MOC's request and direction—retained Jimmy Hebert as a "Completions Consultant" to work on MOC's "Permian Basin Field Completions Team," which performed fracking operations.

12. From approximately March 7, 2018, until January 10, 2019, Jimmy Hebert worked on MOC's Permian Basin Field Completions Team.

13. At all times, MOC had the right to control and, in fact, controlled every aspect of Jimmy Hebert's work as a Completions Consultant on its

"Permian Basin Field Completions Team."

14. For example, an MOC Completions Engineer, Completions Superintendent and Completions Foreman supervised Jimmy Hebert's work as a Completions Consultant on a daily basis.

15. MOC'S Completions Engineer, Completions Superintendent and Completions Foreman dictated where, when, and how Jimmy Hebert performed his work.

16. MOC required Jimmy Hebert to attend MOC-run training, safety, and recap meetings.

17. MOC had the right to terminate Jimmy Hebert and, in fact, did terminate his employment, on or about January 10, 2019.

18. Marathon's relative investment in the work performed by Jimmy Hebert far exceeded Jimmy Hebert's.

19. Marathon determined the degree of Jimmy Hebert's opportunity for profit or loss.

20. The skill and initiative required of Jimmy Hebert to perform his Completions Consultant work was not high.

21. As a matter of "economic reality," Jimmy Hebert was economically dependent upon Marathon.

22. Therefore, under applicable law, Jimmy Hebert was an MOC employee or, at a minimum, a joint-employee of EPI and MOC.

23. Throughout his employment by Marathon, Jimmy Hebert—pursuant to MOC's directive—worked two consecutive weeks (i.e. Monday day through Sunday) and then was off for two consecutive weeks.

24. During his on-duty stints, Jimmy Hebert worked, on average, twelve and one-half (12.5) hours per day and, thus, eighty-seven and one-half (87.50) hours per week.

25. Marathon paid Jimmy Hebert a flat rate of $1,650.00 per day during the period March 7, 2018, through June 30, 2018.

26. Effective July 1, 2018, Marathon paid Jimmy Hebert a flat rate of $1,700.00 per day.

27. Marathon compensated Jimmy Hebert for all hours that he worked in excess of forty (40) per week at a straight-time rate of $1,650.00 per day (for the period March 7, 2018, to June 30, 2018) and $1,700.00 per day (for the period July 1, 2018, through January 10, 2019).

28. Critically, Marathon failed to pay Jimmy Hebert **any** overtime compensation, as required by the Fair Labor Standards Act ("FLSA").

29. Marathon's failure to pay Jimmy Hebert overtime compensation in accordance with the FLSA was intentional, willful, and not in good-faith.

30. At all relevant times, Marathon was an employer, as that term is defined under the FLSA.

31. At all relevant times, Jimmy Hebert was a Marathon employee, who in any workweek was engaged in commerce or in the production of goods for commerce or was employed in an enterprise engaged in commerce or in the production of good for commerce, as all of these terms are defined in the FLSA.

32. Jimmy Hebert's written consent to this action has been filed contemporaneously.

33. All conditions precedent to the filing of this action have been performed or have occurred.

Plaintiff, Jimmy Hebert, incorporates by reference herein the allegations contained in paragraphs 1 through 33 *supra*, and further asserts as follows:

## FIRST CAUSE OF ACTION

34. Marathon Oil Company and EPI failed to pay Jimmy Hebert the overtime wages to which he was entitled under the FLSA.

## PRAYER FOR RELIEF

Accordingly, Plaintiff, Jimmy Hebert, respectfully moves this Honorable Court—after trial by jury on all issues so triable—for the following relief:

1. Declaratory Judgment that MOC and EPI violated his rights under the Fair Labor Standards Act ("FLSA");
2. Injunction preventing MOC and EPI from engaging in any further violations of Jimmy Hebert's rights under the FLSA and requiring them to take affirmative steps to ensure that they do not engage in the same or similar violations of employees' FLSA rights in the future;
3. Unpaid overtime compensation;
4. Liquidated damages;
5. Reasonable attorney's fees and costs;
6. Pre-judgment and post-judgment interest; and
7. All other relief, whether at law or in equity, to which he is justly entitled.

Respectfully submitted,

**/s/ Scott Newar**

_____
SCOTT NEWAR
S.D. Texas Bar Number 19191
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: (713) 226-7950
Fax: (713) 226-7181 (Fax)
E-Mail: newar@newarlaw.com

ATTORNEY-IN-CHARGE
FOR PLAINTIFF, JIMMY HEBERT


**/s/ Charles F. Herd, Jr.**

_____
CHARLES F. HERD, JR.
S.D. Texas Bar Number 2793
Herd Law Firm, PLLC
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: 713-955-3699
Fax: 281-462-5180
cfh@herdlawfirm.law (.law NOT .com)

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **JIMMY HEBERT,** | § | NO. _____ |
| **Plaintiff** | § | **JURY DEMANDED** |
| v. | § | |
| **MARATHON OIL COMPANY; AND CUDD PRESSURE CONTROL, INC., D/B/A ENERGY PERSONNEL INTERNATIONAL** | § | |
| **Defendants** | § | |

## CONSENT

I hereby knowingly and voluntarily consent to become a plaintiff in the above-styled Fair Labor Standards Act lawsuit for unpaid overtime compensation.

Signed this 13th day of March, 2019.

_____
Jimmy Hebert