United States District Court
Southern District of Texas
**ENTERED**
March 19, 2020
David J. Bradley, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES DISTRICT COURT | | |
| SOUTHERN DISTRICT OF TEXAS | | |
| GALVESTON DIVISION | | |

JIMMY HEBERT, §
§
    Plaintiff, §
VS. § CIVIL ACTION NO. 3:19-CV-109
§
MARATHON OIL COMPANY, *et al*, §
§
    Defendants. §

## **ORDER**

The plaintiff, Jimmy Hebert, filed this lawsuit in Galveston against the defendants Cudd Pressure Control Inc. d/b/a Energy Personnel International ("EPI") and Marathon Oil Company under the Fair Labor Standards Act to recover alleged unpaid overtime compensation (Dkt. 1).

The defendants filed a joint motion to transfer the case to the Houston Division pursuant to 28 U.S.C. § 1404(a) (Dkt. 25). The defendants first argue the court should transfer the case to the Houston division based on a forum-selection clause in an agreement between Hebert and EPI. Alternatively, the defendants argue transfer is appropriate for the convenience of the parties and witnesses and in the interest of justice.

The court considered the motion (Dkt. 25), Hebert's response (Dkt. 37), the defendants' reply (Dkt. 38), the pleadings, other relevant materials in the record, and the applicable law, and finds that transfer is warranted. Accordingly, the court grants the defendants' motion to transfer.

### A. Background

Hebert entered into a "Marketing and Consultant Services Agreement" with EPI so that EPI could market and refer his services to its clients in the oil and gas industry. Dkt. 25-2. Pursuant to this agreement, EPI referred Hebert to Marathon. *Id.* Hebert performed services for Marathon from about March 7, 201,8 until about January 11, 2019, in New Mexico's Permian Basin. Dkt. 25-5.

The agreement with EPI spells out the relationship between EPI, Hebert, and Marathon: EPI would submit Hebert's name in response to various client inquiries. Dkt. 25-3, ¶2. EPI paid Hebert for his services and EPI invoiced its clients, like Marathon, directly. *Id.* at ¶3. The agreement also addresses insurance liability and coverage, job performance details, the protocol for on-the-job accidents, confidentiality protections, and other issues. Dkt. 25-3. Relevant to this motion, the agreement also includes the following forum-selection clause:

> This Agreement shall be governed by and interpreted in accordance with the laws of the State of Texas excluding any conflicts of law principals that would direct the application of the laws of any other state. ***Any action instituted hereunder shall be brought in the state and federal courts located in Harris County, Texas.***

Dkt. 25-3 at 4, ¶18 (emphasis added).

Hebert—a resident of Prairieville, Louisiana—commenced this Fair Labor Standards Act action for unpaid overtime compensation in the Southern District of Texas, Galveston Division. Dkt. 1. The defendants contend Hebert is bound by the forum-selection clause in the agreement

with EPI, mandating transfer to the Houston Division. Dkt. 25. Alternatively, the defendants urge the court to exercise its discretion and transfer the case to the Houston Division for the convenience of the parties and witnesses and in the interest of justice. *Id.*

### B. Scope of the forum selection clause

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. 1404(a). Where the parties have agreed to a valid forum-selection clause, a district court should transfer the case to the forum specified in the clause absent extraordinary circumstances. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). Therefore, the court must determine if the forum-selection clause in Hebert's agreement with EPI applies to his Fair Labor Standards Act claims in this lawsuit.

The Fifth Circuit does not limit forum-selection clauses to disputes about the contract terms. Instead, the language used in the forum-selection clause determines its applicability. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222 (5th Cir.1998). This is a fact-specific analysis; there is no bright-line rule. *Chapman v. Dell, Inc.*, No. EP-09-CV-7-KC, 2009 WL 1024635, at *3 (W.D. Tex. Apr. 15, 2009) (citing *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1999) and *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997)). Whether Hebert's Fair Labor Standards Act claims are governed by the

agreement's forum-selection clause turns on the breadth of the clause.

The agreement's forum-selection clause applies to "[a]ny action instituted hereunder." Dkt. 25-3 at 4, ¶18. The court finds that this language is broad enough to encompass Hebert's claim for unpaid overtime wages. "Hereunder" in a forum-selection clause typically refers to the relationship that has arisen as a result of the contract. *AlliantGroup, L.P. v. Mols*, No. CV H-16-3114, 2017 WL 432810, at *2 (S.D. Tex. Jan. 30, 2017) (holding forum-selection clause in employment agreement encompassed tort claims); *see also Coutinho & Ferrostaal, Inc. v. STX Pan Ocean Co.*, No. CIV.A. H-12-991, 2013 WL 1415107, at *7 (S.D. Tex. Apr. 8, 2013) (holding forum-selection clause that applied to "any dispute arising under" in bills of lading applied to tort claim for damage to shipped product).

Here, Hebert's Fair Labor Standards Act claim for unpaid overtime wages concerns the employment relationship established by the agreement with EPI and the parties' performance under the agreement. *See, e.g., Goodly v. Check-6, Inc.*, No. CV 16-1936, 2016 WL 3090293, at *3 (E.D. La. June 2, 2016) (holding forum-selection clause that applied to any lawsuit "filed by either party in connection with [the employment agreement]" applied to the plaintiff's Fair Labor Standards Act claim); *Ruifrok v. White Glove Restaurant*, 10–2111, 2010 WL 4103685, at *1 (D. Md. Oct. 18, 2010) (forum-selection clause covering "[t]his Agreement and the parties' performance hereunder" encompassed Fair Labor Standards Act claim); *Giddings v. Media Lodge, Inc.*, 320 F. Supp. 3d 1064, 1077 (D.S.D. 2018) (statutory employment claims were covered by arbitration clause covering any

disagreement that "arises under" the employment agreement); *Yoak v. The Assurance Group, Inc.*, No. 5:17-CV-1094, 2017 WL 4155770, at *1 (N.D. Ohio Sept. 19, 2017) (Fair Labor Standards Act claim controlled by forum-selection clause in employment agreement covering "any dispute arising hereunder.").

Further, while an employment contract is not determinative of Fair Labor Standards Act claims, and while the claims are based on statutory rights rather than contractual rights, resolution of the parties' dispute in this case will involve examination of the relationship formed by the agreement with EPI as spelled out in the agreement. *See Carrell v. Sunland Const., Inc.*, 998 F.2d 330, 334 (5th Cir. 1993) (holding employment agreement is relevant to determining Fair Labor Standards Act claims). The defendants raised the affirmative defense that Hebert is exempt from the overtime provision of the Fair Labor Standards Act. Dkt. 10. Resolution of that question will include scrutiny of the employment agreement to determine the nature and scope of Hebert's job duties and the method by which he was compensated. *See Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 616 (5th Cir. 2007) (enforcing forum-selection clause where tort claims at issue "arose from and grew out of" the existence of requirements in the contract).

Hebert argues the unequal bargaining strength between him and EPI makes the contract unenforceable and merits resolution of ambiguities in his favor. Hebert says he has a high-school education and was not represented by counsel at the time of execution. Dkts, 18 and 23. Nevertheless, as explained above, the court does not find this clause ambiguous. Further, the Fifth Circuit presumes even non-

negotiable contracts with forum-selection clauses are valid and enforceable, absent fraud or overreaching. *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995); *see also Wellogix Inc. v. BP Am., Inc.*, No. CV 08-119, 2008 WL 11342260, at *1 (S.D. Tex. Dec. 8, 2008) ("Forum[-]selection clauses are enforceable against even an unsophisticated party despite the large disparity in bargaining power between the two sides."). Moreover, Hebert makes no arguments "specific to [the] forum[-]selection clause." *Haynsworth*, 121 F.3d at 963.

### C. Conclusion

The court grants the defendants' motion to transfer (Dkt. 25). The above-styled and numbered cause is transferred to the Houston Division of the United States District Court for the Southern District of Texas.

Signed on Galveston Island on the 19th day of March, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE